Gray and others *v.* Finch.

GRAY AND OTHERS *vs.* FINCH.

In a case of forcible entry and detainer against G, F and N, the plaintiff claimed that he had been in possession of the premises in question, in his own right, for more than five years next before the alleged forcible entry, and on his cross-examination, testified, that when he was informed by F, that said F and G had previously driven his (the plaintiff's) cattle off from the land in controversy, he informed F that, if that was so, he would be sued. Held, that the plaintiff might be further enquired of, as to his knowledge that G had, before that time, levied an execution on said premises, as tending to show the plaintiff's knowledge of acts of the defendants, from which he would infer that the defendants had made an act of entry upon said premises, before said conversation.

Gray and others *v.* Finch.

Where in such case, G offered, as evidence of her title to the premises in question, an execution in her favor against the complainant, with the officer's return of a levy and record thereof, with other evidence of acts of possession under said execution; it was held, that the same was admissible.

Where such forcible entry and detainer was alleged to have been committed on the 16th day of June, 1853, and the complaint was commenced on the 15th day of December, 1853, and on the trial, the defendants offered in evidence the record of a judgment, recovered by G against the plaintiff, in an action of trespass, commenced on the 25th day of April, 1853, and tried on the 17th day of May, 1853, in which G claimed to have been in possession of the premises in question, from the 10th day of July, 1852, to the 23d of April, 1853; it was held, that the record of such judgment was admissible in evidence, as tending to prove that, at the time of the alleged forcible entry and detainer, G was in the possession of said premises.

Where the court refused to charge the jury, at the request of the defendants, that if G, after the levy of her execution, peaceably entered into, and took possession of the land in question, having the title and the right of possession, the law vested the actual possession in her, of which she could not be devested by any subsequent entry of the plaintiff, because such subsequent entry would be a trespass; it was held, that such course was correct.

The plaintiff, in such proceedings, demanded a verdict against all said defendants, claiming to have proved, that before the alleged forcible entry and detainer, they had entered into a combination, in pursuance of which, N, by threats and violence, prevented him from retaking the possession; the defendants denied such combination, and claimed that said land had been previously conveyed to N by G, and at said time was held by N, in his own right. The defendants requested the court to instruct the jury, that if N did the acts complained of, after such conveyance to him, and while he held said property in his own right, said G and F were not guilty of forcible entry and detainer, on account of the acts of N; but the court refused to comply with such request. Held, that such course was correct.

An entry into premises occupied by another, with no more force than such as the law will imply in trespass, is not a forcible entry, within the meaning of the statute.

THIS was a proceeding in forcible entry and detainer, before a county commissioner and a justice of the peace for the county of Fairfield, instituted by Curtis Finch against Elizabeth Gray, Harvey Fitch, and Sturges Northrup.

The complaint contained three counts, which were substantially as follows, to wit: To ———— &c., comes ———— and complains that ———— on the ———— day of ———— at ————, with force and arms, and with a strong hand, did

unlawfully and forcibly enter into, and upon, a certain tract of land, lying in said New Canaan, belonging to the complainant, containing in quantity ———, bounded, and described as follows, ———: which before had been, and then was, in the actual possession of the complainant, and him, the complainant, with force and strong hand, as aforesaid, did expel and unlawfully put out of the possession of the same, and him, the complainant, does unlawfully and unjustly, and with strong hand, deforce and still keep out of possession of the same.

And the complainant further complains and says, that the said ——— on the ——— of ——— at said ———, forcibly, and without the consent of the complainant, did enter into and upon a certain other tract of land, lying and being in said ———, belonging to the complainant, containing ———, and bounded as follows, ———: which before had been, and then was, in the actual possession of the complainant, and him, the complainant, with force and arms and with a strong hand, did deforce and still keep out of the possession of the same.

And the complainant further complains and says, that on or about the ——— day of ——— at said ———, ——— did peaceably and without the consent of the complainant, enter into and upon a certain other tract of land, situated and lying in said ——— and containing ——— acres, more or less; which before that time had been, and then was, in the actual possession of the complainant, and the complainant, with force and arms and with strong hand, does deforce and still keep the complainant out of the possession of the same. And your complainant prays that due process may be issued against the said ——— defendants, in manner and form prescribed by a certain statute of this state, entitled " An Act for the Regulation of Civil Actions."

The defendants pleaded severally, not guilty, with notice of special matter to be given in evidence, on which there was a trial before the court, and a jury summoned for the

purpose.   On the trial of the case to the jury, on the issue joined, the complainant and defendants, respectively, made the following claims.

The complainant claimed to have been in the actual possession of the described premises on the day of said alleged forcible entry, and continuously, for and during more than five years prior thereto, and until said alleged forcible entry.

The defendants claimed that the actual possession of said premises was, on said day, and for eight months prior thereto, continuously, had been, in Elizabeth Gray, one of the defendants, and the other defendants claimed that in all things affecting the actual possession of said premises, they acted with the knowledge and consent of said Elizabeth, and that, if she were in the actual possession, they had not violated the possession of the complainant.

Said Elizabeth Gray claimed the actual possession of said premises to be in her, by reason of the levy of an execution thereon, on the 8th day of July, 1852, and a peaceable entry thereon, and taking of possession, in October, 1852, and continued acts of possession from that time until the alleged forcible entry, and the recovery of a judgment in trespass, against the complainant for trespassing upon said premises, after she had taken peaceable possession thereof, and before the date of said alleged forcible entry.

The complainant denied that said Elizabeth had ever taken any possession whatever of said premises, and that, if she had ever attempted to make entry therein, it had been in his absence, and was no interruption whatever of his actual possession, which, he claimed to have proved, remained undisturbed up to the date of said alleged forcible entry.

On the cross-examination, the complainant testified that he was informed in the fall of 1852, by Mr. Fitch, one of the defendants, that said Fitch and Mrs. Gray had previously, within a short time, driven the complainant's cattle off said premises in the complainant's absence, and that complainant then informed said Fitch, that if that were so, he, the said Fitch, would be sued.   The defendants' counsel then enquired, on

further cross-examination of the complainant, whether he did not know at the time he was so informed by said Fitch, that Mrs. Gray had previously levied an execution on said premises? To this enquiry, the complainant's counsel objected, as an attempt on the part of the defendants, to prove an execution title in said Mrs. Gray. The defendants claimed that said enquiry was within the latitude of cross-examination to which they were entitled, and to show that Mrs. Gray had made peaceable entry under a levy of an execution, and taken and acquired actual possession, and the nature and extent of her occupation. The court decided that the enquiry was inadmissible and improper, for the purpose of showing any title in said Elizabeth.

During the trial, the defendants offered in evidence, without reading, but stating what the document was, and subject to exception on the argument, an execution in favor of said Elizabeth against the complainant, with the officer's return of a levy and record, and return of the same upon the premises described in the complaint, for the purpose, as stated by the defendants, of showing, in connection with evidence, (which the defendants claimed they had offered, or would offer,) of a peaceable entry and a taking possession under the same, and of continued acts of possession thereafter up to the time of said alleged forcible entry, and also for the purpose of shewing, in such connection, that the actual possession of said premises, at the time of said alleged forcible entry, was in said Elizabeth Gray, and also to show the nature and extent of her possession. The admission of said execution was objected to, on the argument by the counsel for the complainant, and claimed by the defendants. The court did not admit the same, nor did the same go to the jury. The defendants gave in evidence, without objection, the record of a judgment, recovered by said Elizabeth Gray against the complainant, in an action of trespass, as set forth in said record, and upon the argument of the cause, claimed that said record was conclusive evidence of the actual possession

of the described premises, by the said Elizabeth, at the time of the alleged forcible entry. To the admission of this record as such conclusive evidence, the complainant, in reply to the above claim of the defendants, objected. The court did not exclude the evidence, neither did the court express any opinion to the jury, as to the admissibility, or effect, of said record. Upon said trial, the defendants offered evidence to prove, and claimed to have proved, that said Elizabeth Gray levied said execution upon said premises in July, 1852; that she thereupon in October, 1852, under and pursuant to said levy, entered peaceably into said premises, removed the plaintiff's cattle therefrom, took open and notorious possession of the same, informed the complainant thereof, and forbade his going any more upon the land. That in the spring following, she exercised acts of open and notorious and peaceable possession of the same, and put the same in the custody and care of Sturges Northrup, one of the defendants, who lived adjoining the land, as her agent, to keep possession thereof, who thereafter, and until the time when the alleged forcible entry was alleged to have been committed, occupied the land and retained possession for her, and that she brought suits of trespass against said Finch, as often as she heard that he went upon the land.

The complainant denied all this, and claimed to have proved, that both before and after said levy, and continuously until the alleged forcible entry, he occupied, enjoyed, possessed and improved said premises, in gathering crops, plowing, manuring, planting, cultivating, pasturing, and in every way had kept and maintained during the whole period aforesaid, the absolute and uninterrupted possession of the premises in himself.

The defendants, upon this point of possession, prayed the court to instruct the jury that, if they should find that Mrs. Gray levied her execution upon the land, entered and took peaceable possession thereof, and continued to exercise acts of possession as claimed, the actual possession thereof

vested in her and continued in her, notwithstanding the complainant continued to go upon the land; for that, if she so entered peaceably and took possession, having title and the right of possession, the law vested the actual possession in her, and the complainant, in entering upon the premises thereafter, was a wrong doer and a trespasser, and did not thereby devest her of her actual possession, nor revest the same in himself. The defendants further claimed, and prayed the court to instruct the jury, that the recovery of a judgment by Mrs. Gray against the complainant, founded on an alleged trespass upon her possession to the premises in question, and giving her damages for such trespass after her peaceable entry therein, and before the commission of the alleged forcible entry and detainer, was evidence of an actual possession of said premises, and that the actual possession of the same was not, as claimed, in the complainant.

The defendants offered evidence to prove, and claimed that they had proved, that the plaintiff had said, on sundry occasions, that he occupied the premises in question, as the agent of one Frederick Finch. This the complainant denied, and claimed to have proved his actual occupation, and possession of the premises in his own right, for more than five years, continuously next preceding the said alleged forcible entry. The defendants claimed, and requested the court to instruct the jury, that if they should find from the evidence, that the complainant held possession, if at all, only as the agent and servant of Frederick Finch, he had not such possession as would enable him to maintain this prosecution; that the same should have been brought in the name of Frederick Finch, the principal.

The complainant offered evidence to prove, and claimed that he had proved, that previous to the alleged forcible entry, it was arranged between the defendants, that they should go to the premises in question on the day of the alleged forcible entry, and that said Fitch, who was a deputy of the sheriff of Fairfield county, under the fraudu-

lent pretence of serving a writ of trespass in favor of said Mrs. Gray against the complainant, and some of his hired laborers, should seize the complainant, and remove him from the premises; that thereupon Mrs. Gray should enter thereon and exercise acts of ownership, by breaking up bushes, &c., and should put said Sturges Northrup in possession, and give him, at some future time, a pretended deed thereof; that pursuant to such arrangement, on the day of said alleged forcible entry, said Fitch and Gray went to the premises, where the plaintiff was then ploughing, and having corn by him thereon previously planted; and said Gray got said Northrup to come there also; that pretending to act under and by authority of said writ, said Fitch and Northrup violently seized and dragged the complainant from the premises, and drove off his cattle, and took off his farming implements; that thereupon Mrs. Gray immediately entered on the premises and told said Northrup to hold the same for her, and said Fitch told the complainant that, if he attempted to re-enter on said premises, said Northrup would take care of him; that afterwards said Northrup publicly declared, that if the complainant attempted to enter on said premises again, he, the said Northrup, would give him a pounding; that the complainant afterwards tried to enter thereon, and was thrown off and stricken by said Northrup.

The defendants denied these claims of the complainant, and offered evidence to show, and claimed to have shown, that the plaintiff was arrested when on the land, by virtue of a writ of trespass in a suit of said Elizabeth Gray against the complainant in good faith, and that said writ embraced other persons, and had been duly served upon them and returned to court, and the action was now pending; that no violence was used or threatened towards the plaintiff; that he went off the land in obedience to the writ and arrest, without violence or threat of violence; that no violence had been threatened or intended; that said property was removed from said land, in pursuance of an intention to do continued peace-

able acts of possession, and that no circumstances or threats of violence or injury calculated to create terror or fear of personal injury, or to deter the complainant from keeping or regaining his possession of the premises, if he had any, existed or were shown in the case, and prayed the court to instruct the jury in relation to the construction of the statute, and the meaning of the terms, forcible entry and detainer, and strong hand, and that they imported something more than the mere force implied in any trespass; and further to instruct the jury that, to constitute forcible entry under the statute, there must be an entry with violence or menace, or such circumstances as indicated an intention of taking possession by force, and were calculated to terrify the complainant, and deter him from maintaining his possession, and that the same conduct or circumstances in retaining possession, was necessary to constitute a forcible detainer; and further to instruct them that, under the two first counts, the jury must find the conduct or circumstances, constituting both a forcible entry and a forcible detainer, to be proved, and unless they so found, the plaintiff could not recover on those counts. And further to instruct the jury that, under the last count, they must find such conduct or circumstances as show a forcible detainer to be proved, and that unless they should find them so proved, the complainant could not recover on that count.

Upon the trial, the complainant offered evidence, among other things, and claimed to have proved, that after the alleged forcible entry, and in the month of July or August, he attempted to go upon the land, and was pushed off by said Sturges Northrup, threatened and stricken with a stake, in pursuance of the arrangement between the defendants, as aforesaid, and that this, among other facts, showed a forcible detainer of the premises, as alleged in the complaint.

The defendants offered evidence to prove, and claimed to have proved, that this controversy and pushing, threatening and striking, if it happened at all, which was denied, had

relation to the situation of the boundary line between said premises and other lands occupied by the complainant, and not to the possession of the tract described in the complaint; but if otherwise, that it took place after Mrs. Gray had given said Northrup a deed of the land, and had ceased to have anything whatever to do with it, or had any knowledge regarding, or interest in it, and that said Fitch had nothing whatever to do with the premises or the possession of them, and no knowledge in relation to them after the 16th day of June, 1853, when the alleged forcible entry took place, by the service of said writ by him, as an officer, as aforesaid. But no such deed or copy thereof was read or offered in evidence, or in any way produced on the trial, nor was there any proof of its loss or destruction.

The defendants prayed the court to instruct the jury, that if they should find the acts complained of were done, after Mrs. Gray had given a deed to Northrup, and ceased to have anything to do with the land, and while Northrup was holding possession in his own right, and after Fitch had ceased to have anything to do with the land as claimed by them, they could not find Mrs. Gray, or Fitch, guilty of forcible detainer, by reason of such acts by the other defendant, Northrup.

The court, upon the whole case, did instruct the jury as follows: "Gentlemen of the jury: We have decided that you are men of more than ordinary intelligence. The only question for you to decide is, whether there has been a forcible entry and detainer, or a peaceable entry and detainer. The plaintiff sets forth in two counts: 1. A forcible entry and detainer; 2. A peaceable entry and detainer, with a strong hand. Now, as you have heard the evidence and the arguments, you are men of years and of experience, and for me to address your understandings at this late hour, the time spent would be lost entirely.

" The parties have requested me to instruct you on certain points of law. If you were young men, we should feel duty

bound so to do. If, in your opinion, the plaintiff was in the actual and lawful possession, it will be your duty to bring in a verdict for the plaintiff. The defendants aver that the plaintiff was not in the actual and lawful possession. Now you have heard their evidence, and the remarks of their counsel, and as it regards the points of law claimed by the defendants, you are fully competent to decide more correctly than I am myself.

"If, in your opinion, the allegations of the plaintiff are not maintained, it will be your duty to render a verdict in favor of the defendants. With these remarks, we submit the case to your careful consideration."

The jury having returned a verdict in favor of the plaintiff, the defendants thereupon brought a writ of error in the superior court, which was reserved for the advice of this court,—assigning for error the following causes:

1. That the judgment of the said court ought to have been in favor of the defendants, and against the complainant.

2. That the court erred in refusing to allow the defendants to enquire of the complainant, on cross-examination, as to said execution, and his knowledge of it.

3. In neglecting and refusing to admit such execution, for the purpose for which it was offered, and in neglecting and refusing to charge the jury, as requested, concerning it, and concerning the force and effect of it.

4. In refusing and neglecting to charge as requested, by the defendants, concerning the judgment record offered by them in evidence, and as to its admissibility and its force and effect as claimed by them.

5. In neglecting and refusing to charge that, if the complainant was only an agent and servant of Frederick Finch, the principal, as claimed by the defendants, the complainant could not recover. And in neglecting and refusing to charge the jury, as requested, in that behalf and upon that point, by the defendants.

6. In neglecting and refusing to charge the jury as to the

rights of the defendants,—and of said Elizabeth Gray, especially, as owner of said premises, and as one asserting a right, as owner, over the premises in controversy, and as having entered as such, or claiming to be such owner,—as requested by the defendants.

7. In neglecting and refusing to charge, as claimed by the defendants, as to the effect of the entries claimed to have been made, and occupation had by said Elizabeth, and that a peaceable entry and taking possession, under her levy of execution and acquisition of title, vested the actual possession in her, and the complainant in entering thereafter, was a wrong doer, and had not such possession as would enable him to bring and maintain said complaint.

8. In neglecting and refusing to charge the jury, in the manner claimed by the defendants, that the defendants, Gray and Fitch, respectively, were not, and could not be found guilty of forcible detainer, by reason of the acts of the defendant, Northrup, after the day of the alleged forcible entry, and after they had respectively ceased to have anything to do with the land described in the complaint, and after the same had been conveyed to said Northrup,—as claimed by the defendants, if the jury should so find.

9. In neglecting and refusing to charge the jury, as to the law relating to forcible entry and detainer, and the meaning of the terms, and the construction to be given to the statute, as claimed by the defendants, and as the court was requested to do by the defendants, and in not instructing them that they must find a forcible entry and a forcible detainer proved, or the complainant could not recover on the first two counts, and a peaceable entry and forcible detainer, or he could not recover on the last count.

10. In not charging the jury, that if they found a peaceable entry, they must find a forcible detainer, or the complainant could not recover on the last count, and in charging that the only question for them was, whether there had been a forcible entry and detainer, or a peaceable entry and detainer.

And also in not instructing them that a forcible entry meant something more than the force implied in every trespass; that to constitute a forcible entry, there must be some circumstances calculated to excite terror, &c., as claimed by the defendants, and that the same circumstances were necessary to constitute forcible detainer.

11. In instructing the jury that if they should find that the plaintiff was in the actual and lawful possession of the land, they should render a verdict for the plaintiff, and in not instructing them that they must also find that the complainant had been deprived of his possession by the defendants, or some of them, and by a forcible entry and forcible detainer of the same, or a peaceable entry and a forcible detainer of the same, and that unless they so found, they could not render a verdict for the complainant. ·

12. In neglecting and refusing to charge upon any and all the legal questions arising in said case, and leaving each and all of them to the decision of the jury.

*Hawley*, and *Butler & Carter*, for the plaintiffs in error.

1. It was competent for the defendants to shew an actual possession in Mrs. Gray, by shewing that she had the right of possession, and had exercised the right, by taking possession, and a knowledge of the facts by the complainant. To this end, both the enquiry of the complainant and the execution were admissible. 17 Pick., 263. *Doe* v. *Hicks*, 7 T. R., 431. *Taylor* v. *Cole*, 3 T. R., 292. *Lee* v. *Stiles*, 21 Conn. R., 500. *Bradford* v. *Bradford*, 5 Conn. R., 127.

2. The record of a judgment recovered was conclusive in relation to the actual possession, and the court should so have informed the jury, or at least told them it was evidence to be weighed, by them, on the question of possession.

3. The court should have instructed the jury, in conformity with the claim of the defendants, as to the effect of the levy and taking possession by Mrs. Gray. The levy gave her, by

statute, the exclusive right of possession, and that right became actual by a peaceable, exclusive exercise of it.

4. The court should have charged, as requested by the defendants, in relation to the character in which the complainant held possession. A mere agent can not bring forcible entry; he has not actual possession. Trespass could not be brought in his name.

5. The court should have charged the jury, as claimed by the defendants, in relation to the force necessary to constitute a forcible entry. The distinction between trespass and forcible entry, in relation to the kind of force, is not found in the statute, but in the common law.

6. The court should have instructed the jury, that Mrs. Gray and Mr. Fitch were not responsible for the acts of Northrup, upon the facts claimed.

7. The court erred, in leaving the questions of law to the jury. The statute (Rev. Stat., 86) makes it the special duty of the court to decide all questions of law, arising on the trial of a case.

8. The court erred in charging the jury, that if they found the complainant in actual and lawful possession, they must find a verdict for the complainant. The import of the whole charge, (if charge it can be called,) was that the question of possession was the only important one, and determined the other questions in the case. No other enquiry was submitted to them.

*Dutton*, and *Belden*, and *Wilson*, for the defendants in error.

1. The enquiry to Finch, in his cross-examination, in relation to the execution levy, was denied on the ground that it was an attempt to prove title in Mrs. Gray, and on no other ground, and in this the court was right. The title was not in issue, and could not be. Nor was this the best evidence the nature of the case admitted of. 1 Sw. Dig., 770. 1 Sw. Dig., 168, 169. 8 Conn. R., 523.

2. The execution of Mrs. Gray was admissible for no other purpose than to show the extent of her pretended possession, and no question on that point was raised on the trial. If, therefore, this execution did not go to the jury, and the court did not charge as to the force and effect of the same, as claimed by the defendants, still the defendants suffered no wrong.

3. The record of the justice in trespass was not admissible for any purpose, much less as conclusive evidence of Mrs. Gray's possession; and if the court had charged the jury on this point, they must have charged decidedly against the defendants. The precise point in issue here, and before the justice, was not the same. The possession was not in issue before the justice. *Smith* v. *Sherwood,* 4 Conn. R., 276. 8 Conn. R., 418. 14 Conn. R., 61. 18 Conn. R., 91.

4. The omission to charge as to the complainant being agent of Frederick Finch, was proper, there being no evidence of any such agency as to the land in question.

5. The defendants have no reason to complain of the omission of the court, specified in the sixth and seventh assignments of error, for the charge upon the points there specified must have been against them, because possession was the gist of the question.

6. The defendants have no right to complain of the omission of the court, specified in the eighth assignment of error, for no legal evidence was offered, of any conveyance from Mrs. Gray to Northrup, at any time, nor does it appear, that the relationship of the parties was changed, between the forcible entry and the time at which the suit was brought by the complainant.

7. The claims of these defendants, in their last assignments, are substantially the same; as will be seen when the charge is fairly applied to them: the charge is as broad as the statute. Stat. 1849, 113, 114. The charge says, upon the whole case, "The only question for you to decide is, whether there has been a forcible entry and detainer, or a

peaceable entry and detainer," *i. e.*, a forcible entry and forcible detainer, or a peaceable entry and forcible detainer : this is the plain, obvious meaning of this clause, and could not have been misunderstood by the jury. The adjective is understood and supplied before "detainer." If not well expressed, the charge is substantially correct.

SANFORD, J. This is a writ of error, brought by the defendants below, to obtain the reversal of a judgment, recovered against them, in a proceeding for a forcible entry and detainer.

The questions, arising on the trial of the cause, are presented by a bill of exceptions.

1. The parties were at issue upon the question of possession; the defendants contending that Mrs. Gray was in possession, claiming title under the levy of an execution in her favor; the plaintiff claiming that Mrs. Gray had never entered at all, or, if she had, that it was in his absence, and was no interruption of his actual possession.

The plaintiff testified as a witness, and, on his cross-examination, said that, when informed by Fitch, one of the defendants, that said Fitch and Mrs. Gray had sometime before driven his cattle off from the land in controversy, in his absence, he informed said Fitch that, if that was so, he, said Fitch, would be sued. The defendants then proposed to enquire of the plaintiff, whether he did not know, at the time he was so informed by said Fitch, that Mrs. Gray had previously levied an execution on said premises. That enquiry was objected to, and prohibited by the court.

Now, from the plaintiff's testimony already given, in connection with his claim upon this point, the natural inference would be, that Mrs. Gray could not have openly made an entry, or taken and held the actual possession of the property, prior to the conversation with Fitch, because, if she had, the plaintiff must have known it, and his possession must have been interrupted. And, although an answer to the

proposed enquiry might not have been of any great import-
ance, yet, for the purpose of repelling such an inference, if
for no other purpose, it was admissible. Besides, the en-
quiry was proposed in the course of a cross-examination, in
which considerable latitude is allowable. The witness, also,
was himself a party in the cause, and was not entitled to a
very rigorous application of the rule of evidence in his favor.
The court below seems to have supposed that the evidence
was offered for the purpose of making out a title in Mrs.
Gray, but the bill of exceptions shows that this was a miscon-
ception. We think the enquiry ought to have been permitted.

2. The execution, offered by the defendants, in connection
with the evidence of Mrs. Gray's entry, and acts of owner-
ship, or possession under it, was admissible for the purpose
for which it was offered.

The entry, or possession of one who has a colorable title
to land, furnishes a presumption, that he entered, or holds,
claiming under that title,—in his own right and not in the
character of a trespasser.

To show the nature or character of the possession claimed
by Mrs. Gray, therefore, it was proper to produce the evi-
dence of the title under which she entered. An unacknowl-
edged deed, and the record of a judgment in a suit between
other parties, are admissible as part of the evidence, to evince
the nature of a possession taken, or held under such deed
and judgment. *Rogers* v. *Hillhouse*, 3 Conn. R., 398. And
in connection with proof of acts of possession, the execution
was evidence, to show the extent of the possession claimed by
Mrs. Gray, as it showed the extent of the title under which
she claimed. *Lee* v. *Stiles*, 21 Conn. R., 500. We think,
therefore, that the court below erred in excluding that exe-
cution.

3. The statute, (tit. Civil Actions, § 144,) provides, that it
shall be the duty of the court to decide all questions of law,
arising in the trial of a cause, and in committing a cause to
the jury, to direct them to find accordingly. This is a wise

and salutary provision, essential, under our forms of proced-
ure, to the due administration of justice.   And, although we
are disposed to give to the language and determinations of
the inferior tribunals the most favorable construction, yet
as we have upon this record, the entire address of the court
in committing this cause to the jury, we can not but see
that this duty, enjoined by the statute, was entirely misap-
prehended or utterly disregarded.

The forcible entry is charged to have been committed on
the 16th of June, 1853, and this proceeding was commenced
on the 15th of December, 1853.   On the trial, the defendants
introduced the record of a judgment recovered by Mrs. Gray,
in an action, in which she claimed to have been in possession
of the land in question, from the 10th of July, 1852, to the
23d of April, 1853, and charged Finch with the commission
of divers trespasses on said land, between those dates.   That
action was commenced on the 25th of April, and tried on the
17th of May, 1853.   Finch pleaded that he was in possession,
at the time the action was brought, and at the time of the
trial.   Mrs. Gray demurred, and judgment was rendered in
her favor.

It is obvious that the defendant's plea in that case, was no
answer to the plaintiff's action.   The only fact averred in
it, that the defendant was in possession at the commence-
ment of the suit, and at the time of the trial, was immaterial,
and irrelevant to the issue.   And it is equally clear that Mrs.
Gray can not be prejudiced in this case, by her demurrer in
that.   A demurrer admits only facts well pleaded, and suffi-
cient in substance, and merely for the purpose of presenting
an issue in law to the court, that their legal sufficiency
may be determined, and not to the intent of concluding the
party demurring in any other suit.   As a rule of evidence, it
admits nothing.   Gould Plead., 461, 462.   *Pease* v. *Phelps*,
10 Conn. R., 68.

The material averments in the declaration were unan-
swered and virtually admitted.   The record of that recovery,

therefore, was, as between the parties to it, and their privies, conclusive evidence that Mrs. Gray was rightfully in, and Finch out of, possession of the premises, at the time of the commission of the trespasses, for which the recovery was had; and as the state of things once established by proof is presumed to continue until the contrary is shown, (1 Greenl. Ev., § 41,) that record was evidence conducing to prove, and from which the jury, in the absence of satisfactory proof to the contrary, would be authorized to presume and find, that, at the time of the alleged forcible entry, the possession of the property continued in Mrs. Gray, and was not in said Finch. And we think the court ought so to have charged the jury.

4. The omission of the court, complained of in the sixth and seventh assignments of error,—to charge the jury that, if Mrs. Gray, after the levy of her execution, peaceably entered into and took possession of the land, having title and the right of possession, the law vested the actual possession in her, of which she could not be devested by any subsequent entry of Finch, because such subsequent entry would be a trespass and a wrong,—was no error.

The question whether Finch was in actual possession, at the time of the alleged forcible entry, or not, was a question of fact for the jury.

Actual possession has no necessary connection with legal title. Nor is it dependent upon the character of the entry, whether that were peaceable or otherwise. It is taken and held by the party, in fact. The law has nothing to do with vesting it.

If Mrs. Gray, after a valid levy of her execution on the land, made a peaceable entry, and peaceably took possession, Finch could maintain no action against her for such entry, because she had both the legal title, and the right of possession, while Finch had neither.

But if such entry, though peaceable, was without the consent of Finch,—then in actual possession,—and if Mrs. Gray

retained her possession against Finch, with force and strong hand, then she was liable at his suit for a forcible detainer.

5. The plaintiff claimed that he had been in possession of the land, holding it in his own right, for more than five years next before the alleged forcible entry.

The defendants contended, and offered evidence to prove, that, if the plaintiff ever had possession of the property at all, it was only as the agent and servant of one Frederick Finch, and not in his own right; and they prayed the court to charge the jury, that, if they should find that the plaintiff held possession, if at all, only as the agent and servant of Frederick Finch, he could not maintain the prosecution, but that it should have been brought in the name of said Frederick.

The possession of an agent, or servant, is the possession of his principal.

If, therefore, the plaintiff occupied, only as the agent or servant of Frederick Finch, then Frederick Finch, and not the plaintiff, had, in contemplation of law, the actual possession, and the plaintiff could not maintain the action, and so the jury should have been instructed.

6. The plaintiff below demanded a verdict against all of the defendants, for the forcible detainer charged in the third count, and he claimed to have proved that, before the alleged forcible entry, they had entered into a combination and an agreement, under and in execution of which, they made the forcible entry, put him out of possession, and Mrs. Gray entered and put Northrup in, and in execution of which, Northrup afterwards, by threats and violence, prevented him from retaking the possession of the property.

The defendants denied the combination and agreement charged, and claimed that neither Mrs. Gray, nor Fitch, had any thing to do with, or any knowledge of, the alleged threats or violence of Northrup, or any possession of, or interest in, the land at that time. And that Mrs Gray had, before that time, given Northrup a deed of the land, and that he ¬as then holding possession of it, in his own right. And

they prayed the court to charge the jury, that if Northrup did the acts complained of, after Mrs. Gray had conveyed the property to him, and while he held it in his own right, and after Mrs. Gray and Fitch had ceased to have any thing to do with the land, they ought not to find either Mrs. Gray or Fitch guilty of the forcible detainer, on account of the acts of Northrup.

Now, if the acts of Northrop were, as the plaintiff claimed, done in pursuance and in execution of a prior agreement between all the defendants to that end, then the acts of Northrop were, in legal contemplation, the acts of all. But the charge prayed for would have left entirely out of consideration the effect of such agreement on the liability of Mrs. Gray and Fitch, for the acts of Northrup, and we think such charge ought not to have been given, and that in withholding it, the court below committed no error.

7. But we think that the remarks, actually made by the court, were calculated to mislead the jury.

The jury were told, that if, in their opinion, the plaintiff was in the actual and lawful possession, he was entitled to their verdict. Thus making the whole case to depend upon the question of possession, regardless of the equally important enquiry as to the manner and character of the defendants' entry and detainer.

The jury should have been instructed, not only that the plaintiff must prove himself in possession of the premises at the time of the entry, but also prove an entry by the defendants with what is called strong hand,—as, with an unusual number of people, with weapons, with menaces,—or accompanied with some circumstances of actual violence, calculated to intimidate the plaintiff, and deter him from asserting or maintaining his right. And that an entry, which has no other force than such as is implied by law in every trespass, is not a forcible entry within the meaning of the statute. And that, to make a detainer forcible, the same kind and

degree of force, or indications of violent designs, must be exhibited. 1 Russ. on Crimes, 286, 288.

There is manifest error in the record of the judgment below, and that judgment must be reversed.

In this opinion the other judges concurred.

Judgment reversed.