HARBOR VIEW BUILDING CORPORATION, INC.
*vs.*
WILLIAM BARON

Coram: Hon. John C. FitzGerald, a Judge of the Court of Common Pleas.

MEMORANDUM FILED OCTOBER 3, 1941.

*John Chapnick,* of New Haven, for the Plaintiff.

*Arthur Klein,* of New Haven, for the Defendant.

FITZGERALD, J. The above action is predicated on chapter 307 of the General Statutes, Revision of 1930, entitled "Forcible Entry and Detainer." The right of action is solely the creature of statute. As indicated by the caption of this memorandum, the plaintiff is not claiming a "forcible entry" by the defendant upon the premises in question, but a "forcible detainer" of the same by the defendant.

Section 5889 of the General Statutes, Revision of 1930, constituting one of the four sections in said chapter 307, so far as is material to this case, reads as follows: "When any person shall make forcible entry into any lands or tenements and with a strong hand detain the same *or, having made a peaceable entry, without the consent of the actual possessor, shall hold and detain the same with force and strong hand* (italicization mine for emphasis), the party thus ejected...."

The plaintiff's case at its best, and in the light of the evidence, may be reduced to this statement of fact: the defendant took possession of the premises known as No. 114 Sound View Terrace, New Haven, owned by the plaintiff, on or about September 18, 1941; said premises were then unoccupied but were in the process of being painted; a key to the house was in the house itself and taken possession of by the defendant; the defendant had paid over certain money to the president of the plaintiff corporation; the defendant and his family now refuse to vacate the premises, although the plaintiff has demanded them to do so, because of a "dispute" on the question of whether or not the defendant has in fact acquired a leasehold estate of the defendant for a period of at least one year.

A fair balancing of all the evidence does not lead to the conclusion that after the defendant's entry upon the premises (and assuming such was without the consent of the plaintiff),

he "hold[s] and detain[s] the same with force and strong hand." The defendant is standing on what he considers to be his rights, but *certainly not "with force and strong hand"* within the meaning of the statute. Having moved his family and "household goods" to No. 114 Sound View Terrace, and having paid over to an officer of the plaintiff money totalling $110, claimed by him to represent two months' rent, his position is understandable. Be that as it may, nothing in the evidence warrants a finding that the defendant has said or done anything to constitute "force and strong hand" in his declination to quit the premises in question. The statutory elements are lacking. *See Gray vs. Finch,* 23 Conn. 495, 515, quoted in *Hartford Realization Co. vs. Travelers Ins. Co.,* 117 id. 218, 224.

It may be that the plaintiff has a redress in some other form of action, but clearly not in this statutory form of action for reasons stated above.

Plaintiff's complaint is dismissed.