Section 5889 of the General Statutes, Revision of 1930, provides a remedy "when any person shall make forcible entry into any lands or tenements [possessed by another] and with a strong hand detain the same or, having made a peaceable entry, without the consent of the actual possessor, shall hold and detain the same with force and strong hand." It is this statutory provision which has been invoked by the plaintiffs, as executors of and trustees under the last will of Elizabeth Cochran Bowen, who died at Greenwich on November 3, 1941.
At the date of her death, Mrs. Bowen was the owner of substantial assets, including an estate on which she lived. In addition to the main residence, the Bowen estate included a superintendent's or caretaker's cottage, which, it is now said, the defendants, husband and wife, are forcibly detaining against claimed superior rights of Mrs. Bowen's trustees.
By way of background it is necessary to return to the late spring of 1940 when the defendant husband was hired to serve as superintendent of Mrs. Bowen's estate. Some few months thereafter he, his wife, and his children were permitted by Mrs. Bowen to take up residence in the controversial cottage since the employment necessitated his living on the grounds of the estate. In this fashion the employment continued until the employer's death, after which Mrs. Bowen's executors and trustees retained the defendant husband in his supervisory capacity at the same time allowing him and his family to occupy the cottage. Thus the situation continued until June 6, 1945, when the trustees notified the defendant husband that his services would not be required beyond June 30th and that he was to deliver up possession of the cottage on that date. *Page 411 
This he has refused to do, contending that he has contractual rights which permit him to remain in the cottage until June 1, 1946.
Whether the defendant husband possesses contractual rights is not a matter for determination in this action. I am called upon to determine only whether the defendants are forcibly detaining the superintendent's cottage within the intendment of section 5889 of the General Statutes, Revision of 1930.
The plaintiff trustees concede, as they must, that the defendants have not been guilty of a forcible entry since their original and subsequent occupancy of the superintendent's cottage was at the invitation of and with the consent of Mrs. Bowen and her successors in title. Obviously, then, if the plaintiffs are to prevail they must establish, by the better evidence, that the defendants are forcibly detaining the cottage, now a part of a residuary trust established by Mrs. Bowen's will.
To make a detainer forcible, there must be a detention with what is called strong hand — "as, with an unusual number of people, with weapons, with menaces — or accompanied with some circumstances of actual violence, calculated to intimidate the plaintiff, and deter him from asserting or maintaining his right." Gray vs. Finch, 23 Conn. 495, 515, quoted in HartfordRealization Co. vs. Travelers Ins. Co., 117 Conn. 218,224.
The defendants' conduct, in their relations with the plaintiffs, has in no way been forcible. They have not resorted to threats, to menacing gestures, to angry words, to the use of any semblance of violence, nor have they attempted to intimidate the plaintiffs. Early in the controversy the defendants advised with counsel. Thereafter, they acted and continue to act in a thoroughly peaceable manner, believing themselves possessed of substantial legal rights. To be sure, they will not permit the plaintiffs to enter the cottage, nor will they allow movers, hired by the plaintiffs, to take furnishings and belongings from the cottage. However, their position has been maintained without resort to force or anything akin to it. Clearly, this is not a forcible detainer within the contemplation of section 5889.
 Accordingly, the defendants are found not guilty. Costs shall be taxed in their favor against the complainants.