John L. Sullivan, Tax Commissioner *v.* Henry Karliner, Executor (Estate of Ernst Karliner)

Superior Court     Hartford County     File No. 159259

Memorandum filed August 19, 1969

*Robert J. Hale,* first assistant tax commissioner, and *Albert E. Sheary,* inheritance tax attorney, for the plaintiff.

*Murtha, Cullina, Richter & Pinney,* of Hartford, for the defendant.

Parskey, J.  The state tax commissioner appealed from a decree of the Probate Court of Windsor concerning the taxability under § 12-341 (c) of the General Statutes of three antemortem transfers. One involved the transfer of an interest in real estate in Hartford in 1953 and 1964, another the transfer of an interest in real estate in Windsor in 1957 and 1966, and the third the assignment in 1966 of a claim for loss of certain real property in Germany. The Probate Court determined that the real estate trans-

fers were nontaxable and that the assignment was taxable. The decedent's son was the principal beneficiary of all three transfers. The tax commissioner filed a timely appeal from the decree, but the executor failed to appeal. In his answer to the tax commissioner's reasons of appeal, the executor set forth an affirmative claim questioning the taxability of the assignment, to which the commissioner filed the present plea in abatement, asserting that the executor's pleading was an attempt to avoid the consequences of his failure to file a timely appeal. The commissioner's plea raises the question of the jurisdiction of the Superior Court to consider the executor's affirmative claim.

In an appeal from probate the Superior Court exercises a limited statutory jurisdiction. Although there is a trial de novo, the Superior Court has no greater powers than the Probate Court. *Berkeley* v. *Berkeley,* 152 Conn. 398, 400. The subject matter of the appeal is the special statutory issue before the Probate Court; *Livingston's Appeal,* 63 Conn. 68, 74; limited only by the matter of aggrievement. Since an appeal can be taken only by a person aggrieved; General Statutes § 45-288; and since the question of aggrievement goes to the jurisdiction of the Superior Court; *Maloney* v. *Taplin,* 154 Conn. 247, 250; where a number of distinct, independent and unrelated matters are decided by the Probate Court in a single decree, some for, some against a party in interest, that party can appeal only with respect to those matters wherein he is aggrieved. An appeal from probate has no undertow; it is not like a tugboat which hauls in both the ship and the refuse.

With respect to the transfers involved in this case, the commissioner claimed that each was made in contemplation of death and therefore taxable under

§ 12-341 (c) of the General Statutes. The question whether a transfer is so made is one of fact, the answer to which depends largely upon the facts in the individual case. *Mossberg* v. *McLaughlin,* 125 Conn. 680, 683. Were these transfers all part of a single package, or were there a common question of fact applicable to all of them so that to set the decree aside as to one while leaving it in force as to others would result in manifest injustice; *Sherwood* v. *Smith,* 23 Conn. 515, 520; there might be merit to the claim that an appeal from the Court of Probate involves all transfers, but such a factual situation is not alleged to be present here. If the executor was dissatisfied with the determination that the assignment was taxable and if he wished to prevent that determination from becoming conclusive under § 45-9 of the General Statutes, he should have filed a timely appeal. He cannot ride piggyback on the commissioner's application.

The plaintiff's plea in abatement is sustained.