## LOGAN V. LEE.

Decided March 29, 1890.

*Forcible entry—Defense.*

> It is no defense to an action of forcible entry that the defendant was legally entitled to possession of the land.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

Action of forcible entry.—The Hamilton brothers sold to Dismukes the land, the possession of which is in controversy. Lee leased the land from Dismukes. Afterwards, but before

delivering possession to Lee, Dismukes rescinded his contract of purchase and surrendered the land to the Hamiltons who placed their agent, Roberts, in possession. By means of threats and force Lee obtained possession from Roberts. The Hamiltons sold the land to Logan and gave him an order on Roberts for the possession. Finding Lee in possession, Logan sued for the possession.

The court's first instruction for the defendant charged them that ''if the jury believe from the evidence that    *    *    *    *    *    the defendant leased from one Dismukes, who was at the time the owner, and in rightful possession, of the premises,    *    *    *    *    then was defendant entitled to the possession of the premises so leased,    *    *·   *    *    and if, under said lease, defendant took possession, then was his possession rightful and your verdict will be for said defendant.''

Verdict for defendant. Plaintiff appealed.

*Byrne & Jones* for appellant.

Lee's possession was gained by threats, force and strong hand. Forcible entry and detainer is designed to protect the actual possession whether rightful or wrongful. 41 Ark., 535; 10 Ark., 43; 38 Ark., 259; 40 Ark., 192; Mansf. Dig., sec. 3347; 8 A. & E. Enc., Law, p. 129, note 1, etc. The first instruction given for defendant, was, therefore, erroneous.

No notice was required. Mansf. Dig., sec. 3348.

*Scott & Jones* for appellee.

PER CURIAM. When the defendant returned to the premises in question, he found the plaintiff's vendor in the peaceable possession through his agent, Roberts, who forbade his entry. Through threats, which amounted to force, he entered into possession. The remedy adopted in this suit was designed to protect the actual possession whether right

or wrong. *Johnson v. West*, 41 Ark., 540. Whatever the defendant's rights under his contract of lease may be, he can not litigate them in this action.

The first instruction given at the instance of the defendant was erroneous, and the judgment must be reversed and the cause remanded for a new trial.