(24 Civ. Proc. R. 79; 9 Misc. Rep. 452.)

### CENTRAL PARK BAPTIST CHURCH v. PATTERSON et al.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

1. FORCIBLE ENTRY—AGENT OF PERSON IN POSSESSION.

Where the majority of the members of a church, who have been left in the possession of the building by a dissenting minority, order that the church remain closed, and under the control of a certain person, he may, as agent of the party in possession (Code Civ. Proc. § 2235), maintain proceedings for forcible entry of the building against the dissenting minority, who force the locks in order to hold services therein.

2. SAME—WHAT CONSTITUTES.

Where the minority of the members of a church, who have left the building in the possession of the majority, on the next Sunday force the locks, in order to hold services therein, such entry is forcible, though they are aided by the police.

Appeal from seventh district court.

Proceeding for forcible entry and detainer. From a final order restoring petitioner to the possession of the real estate in suit, defendants appeal. Affirmed.

Argued before BOOKSTAVER and GIEGERICH, JJ.

Herbert H. Gibbs, for appellants.

J. C. Julius Langbein, for respondent.

BOOKSTAVER, J. A dissension having arisen between the members of the church controlled by the plaintiff, a religious corporation, over the advisability of dismissing the pastor in charge, the minority, including the pastor, left the premises at a certain meeting of the church, and the keys of the building were by the sexton placed in the hands of the petitioner herein, in accordance with the resolutions of the majority; it being then further resolved that the pastor be dismissed, and the church building remain closed, under control of petitioner, pending the selection of a successor. In accordance with such resolutions, petitioner closed the building, placing new locks thereon, and retained possession of the keys. On the Sunday next ensuing, the defendants, with a following of the dissentient members to the number of 100 persons, entered the building by removing the locks, and maintained devotional exercises. This proceeding was then instituted for forcible entry, and the trial resulted favorably to the plaintiff.

The chief point raised by appellants' counsel related to the question whether or not the proceeding was maintainable under the verified petition of Fraser, alleged to be chairman of the board of trustees of the corporation owning the church into which the forcible entry is claimed to have been made; but no discussion of this question, in our judgment, is necessary, for by the terms of section 2235 of the Code of Civil Procedure the petition may be made by an agent of the party in possession of the premises, and it appears from the evidence that the majority of the members claiming to represent the corporation had placed the petitioner in possession, and had constituted him the custodian of the building, as agent, and this agency we think sufficient to enable him to maintain this proceeding. The

question of title to the premises is in no way open for discussion in this proceeding, the gist of it being a peaceable possession by the plaintiff, under color of right, and a forcible disturbance of that possession by the defendants. Kelly v. Sheehy, 60 How. Pr. 439, and see Evill v. Conwell, 18 Am. Dec. 139, note. Whether or not the individuals in possession actually represented the corporation, or had power to constitute the petitioner the custodian of the church edifice, is immaterial. They had possession of the building. That possession was peaceable, and the individual in whose name this petition was made was by these parties given power to act in the premises. The regularity of the methods whereby this peaceable possession was obtained does not affect the question (Cain v. Flood [Com. Pl. N. Y.] 14 N. Y. Supp. 776), and an actual occupancy by and removal of the petitioner at the time of the entry is not essential to support these proceedings (People v. Field, 52 Barb. 198).

The remaining question raised is whether or not the entry was "forcible," within the meaning of the statute (Code Civ. Proc. § 2233), it being claimed that the defendants' actions were orderly, and that no breach of the peace occurred. The undisputed facts admit only of an affirmative answer. While the mere removing of locks from the doors of a building by an individual for the purpose of obtaining ingress may not be sufficient to constitute a forcible entry, as distinguished from a simple trespass, yet in this case the "multitude of people" which the statute contemplates were associated with the defendants in their acts when entering upon the premises, and the alternative of a "strong hand" is not necessarily looked for in support of the proceedings. Id. The statute with regard to these proceedings was enacted with a view of maintaining the peace (18 Am. Dec. 139, note), and a case of mere trespass has been held not to call for the special redress here afforded in a case where the peace is not disturbed nor endangered by the act. But where the entry is made by a multitude, as was the case here, "the peace" is in less danger of being broken in the aspect of a direct personal encounter than would be the case if the entry were made by an individual alone. In fact, the greater the multitude, the greater the "peace" would be in this respect; and it is against an entry under terrorizing conditions that the statute is aimed. The mere fact that the defendants found it expedient to solicit protection from the police upon this occasion, and secure the presence of a number of officers, is most significant in disproving the theory that the entry was not made nor intended to be made with force as against the plaintiff. It was not the province of the police to place the defendants in possession of the premises, and their presence in aid of the undertaking had the effect of but increasing the force of the multitude.

The exceptions taken by appellants upon the trial are not made the basis of reliance on this appeal, and nothing further is found in the case which would call for consideration. The final order is affirmed, with costs.