## GALLATIN v. SHERMAN et al.

### (Circuit Court, S. D. New York. December 5, 1896.)

REMOVAL OF CAUSES—SUITS AGAINST FEDERAL OFFICERS.

A summary proceeding by a landlord to recover from a lessee possession of premises used as a bonded warehouse, to which proceeding the collector of internal revenue and a United States storekeeper are made parties defendant, and described as undertenants holding over, is removable to a federal court, under Rev. St. § 643.

Motion to Remand Case to the District Court in the City of New York for the Second Judicial District.

This is a summary proceeding for the recovery of premises No. 1 Front street. It was instituted by the filing of a petition on behalf of the landlord in the district court for the Second judicial district, the ground of the proceeding being the nonpayment of rent. The premises were leased by Sherman as tenant. The landlord made as additional parties the following persons, described by him as undertenants holding over, and continuing in possession of said demised premises, or part thereof: Peter H. McNulty, as assignee for the benefit of creditors of said John D. W. Sherman; John A. Mason, collector of internal revenue for the Second district of New York; and Charles O'Reilly, storekeeper. Precepts were served upon the tenant and the three persons joined as undertenants.

Upon verified petition by John A. Mason, collector of internal revenue, and on motion of Wallace Macfarlane, United States attorney for the Southern district of New York, appearing for Mason and O'Reilly, Judge Lacombe, in the United States circuit court, on the 28th of October, 1896, ordered the cause to be removed to the United States circuit court for the Southern district of New York, under Rev. St. § 643, and ordered a writ of certiorari to issue to said district court in the city of New York. The basis of the application for removal was that the action was one against the said government officers appointed under and acting by authority of the revenue laws of the United States on account of right, title, and authority claimed by them under such laws to said premises, which, on April 6, 1893, had become a special bonded warehouse of the United States for fruit brandy, by authority of the commissioner of internal revenue and the collector of internal revenue, and continued to be so used, upwards of $100,000 worth of property subject to the government lien for taxes due being stored in the said premises. In April, 1893, Sherman, the lessee, secured the approval of the statutory bond, and with the consent and authority of the collector and commissioner of internal revenue established a special bonded warehouse in said premises. It was also claimed that Sherman, as proprietor of the said bonded warehouse, was a person acting under and by authority of such revenue officers, and on account of right, title, and authority claimed by him under the revenue laws of the United States. The clerk of the district court for the Second judicial district having made return of the record to the writ of certiorari, the landlord made the present motion to remand the case to the state court.

William H. Harris, for plaintiff.

Max J. Kohler, Asst. U. S. Atty., for collector and government storekeeper.

The grounds for the motion are as follows: The proceeding is not such a suit as is described in section 643 of the Revised Statutes, because its nature is not to determine any rights derived through or from the revenue laws, or the act of any officer of the United States, but is brought on account of the right, title, or authority claimed by the tenant under the laws by which the property is held. Also that the collector and storekeeper are not such parties in interest as to authorize removal at their instance. Sherman and his assignee alone had such authority. Also that the government officers are not sued on account of any right derived by them through the revenue laws, but are joined as undertenants

on account of some possession or right of possession derived by them through Sherman, the tenant. The revenue officers have no interest in the land, certainly none derived by the consent of the landlord, and therefore no right, as against him, to possession. It could not be within the power of a tenant and the revenue officers to invest themselves with a greater or different title than that derived under the laws from the landlord. The statutes themselves provide relief to the government for the protection of its lien by removal under instructions from the commissioner of internal revenue of the property subject to the government lien. 1 Supp. Rev. St. p. 140, § 7, and Rev. St. § 3272. Section 643 requires no construction authorizing removal in such a case for the protection of the government revenues in view of the adequate remedy afforded the government by these other provisions. The government officers' rights are derived solely from the tenant, and cannot affect the relation of the landlord to the lease of the land. Also, that dispossess proceedings are not, within the meaning of section 643, a suit brought against a person claiming under the revenue laws.

It was contended in opposition to the motion to remand that the government officers have right, title, and authority, and claim the same, within the meaning of section 643, inasmuch as the premises in question are a special bonded warehouse, which, in the language of the statute (1 Supp. Rev. St. p. 139), "shall be under the control of the collector of internal revenue of the district in which said warehouse is located, and shall be in the joint custody of the storekeeper and proprietor thereof, and kept securely locked and shall at no time be unlocked or remain open except in the presence of such storekeeper or other officer who may be designated to act for him as provided in the case of distillery warehouses." So, also, Sherman, as proprietor of the bonded warehouse, enjoys and claims right, title, and authority under the revenue laws of the United States. The relations of the government officers to the premises, and their right, title. and authority therein, does not arise under any contract, but depends upon a status created under the statutes of the United States. Also, that the summary proceedings are a civil suit, within the meaning of section 643, Rev. St.  McCullough v. Large, 20 Fed. 309; Fischer v. Daudistal, 9 Fed. 145; Peyton v. Bliss, Woolw. 170, Fed Cas. No. 11,055; Searl v. School Dist. No. 2, 124 U. S. 197, 8 Sup. Ct. 460. Furthermore, the bonded warehouse, as well as the property therein, "are property taken and detained by any officer or other person under authority of any revenue law of the United States and subject only to the process and decree of the courts of the United States having jurisdiction thereof." Rev. St. § 934; Fischer v. Daudistal; Harris v. Dennie, 3 Pet. 292; In re Fassett, 142 U. S. 479, 12 Sup. Ct. 295. It is not a fact that no court will have jurisdiction, but under section 934 the federal courts exclusively are vested with jurisdiction in such a case. Furthermore, under Rev. St. § 3296, it is a criminal offense to remove spirits from the warehouse on which the tax has not been paid, without the authority of the collector; so that, if a warrant of dispossess should be executed after issuance out of the state court, all persons concerned in the issuance and execution of the warrant would be criminally liable in the United States courts. Furthermore, under Rev. St. § 3300, it is a crime for the storekeeper to permit removal, so that he would be obliged to call in force to repel any attempt on the part of the city marshal or sheriff to remove the property from the premises. Furthermore, the merits of the controversy are not presented upon the present motion, which merely involves the jurisdiction of this court under the petition for removal. In such a proceeding the allegations in the landlord's petition cannot be taken as true, it being open to the defendants upon the merits to deny any allegation in his petition, or to raise jurisdictional or other objections. The time of the government officers to answer has not yet expired under the stipulation between the parties. Wood v. Matthews, 2 Blatchf. 370, Fed. Cas. No. 17,955; Van Zandt v. Maxwell, 2 Blatchf. 421, Fed. Cas. No. 16,884. The government officers are proceeded against officially, and not individually. Wood v. Matthews; Van Zandt v. Maxwell; Buttner v. Miller, 1 Woods, 620, Fed. Cas. No. 2,254. It is the policy of federal legislation, particularly of Rev. St. § 643, to have all questions affecting the revenue laws of the United States and the authority of the revenue officers determined in the United States courts, and not leave them to be jeopardized in courts of another jurisdiction. The government officers have sufficient interest in the premises to authorize removal upon their application.

LACOMBE, Circuit Judge. The motion to remand is denied. In retaining jurisdiction, however, this court will so arrange for hearing that the landlord may obtain a summary disposition of the case such as the state statutes give him. Having already had a notice of several weeks, the defendants will be expected to present whatever defense they may have to the dispossession on four days' notice. Upon the settlement of this order time and place for hearing may be arranged for.

