RAND *v*. WALTON.

Opinion delivered October 8, 1917.

LABORER'S LIENS—WORK IN MAKING CROP — ABANDONMENT. — One W. agreed to make a crop for appellant, and W.'s wife, appellee, rendered him assistance in making the crop. In midseason W. and appellee fell into a quarrel, and without fault on appellant's part abandoned the crop. Appellee sought to fix a laborer's lien upon the crop. *Held*, under Kirby's Digest, § 5028, appellee could not maintain her claim for a lien.

Appeal from Lonoke Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Phil McNemer*, for appellant.

1. Abandonment by a share-cropper causes him to lose all interest in the crop. 87 Ark. 328; 8 R. C. L. 373, par. 19; 25 Ark. 327; 34 *Id*. 182; 39 *Id*. 286; 48 *Id*. 266; 79 *Id*. 427.

Abandonment of crop is forfeiture of interest. 24 Cyc. 1472 (f); 8 R. C. L. 365, par. 10, n. 6; 77 S. E. 933; 93 N. C. 47; 28 N. W. 121; 57 Ala. 581; 50 Oregon 81; Tiedeman on Real Prop. 206, par. 160; 12 Cyc. 981; 77 S. E. 933; Kirby's Digest, § 5028; Kirby & Castle's Digest, § 5958; 87 Ark. 330.                                    •

*Trimble & Williams,* for appellees.

1. The burden was on appellants to show that Walton left the crop without good cause. Appellee and her children left under duress. Kirby's Digest, § 5028.

Appellee complied with the laborers' lien statute. 71 Ark. 337. There was no forfeiture by abandonment. 34 Ark. 182 is not applicable. The decree is right.

HART, J. On the 8th day of August, 1916, Mary Walton instituted this action in the chancery court against J. C. Rand and O. Moreland. She alleged in her bill that her husband, herself and their children had planted and worked a crop on the land of the defendant, Rand, until July 17, 1916, and asked that an accounting be had of her interest in said crop. On the day the cause came on for hearing she filed an amendment to her complaint in which she asked that she be entitled to a laborers' lien on the crop referred to in her original complaint. The facts are as follows:

O. Moreland was overseer for J. C. Rand on his farm in Lonoke County, Arkansas. He made a contract with Robert Walton whereby Rand agreed to furnish Walton with land, team, implements, etc., and Walton agreed to cultivate the land for one-half of the crop. Pursuant to this contract Walton planted the crop on the farm of Rand and worked it until about the middle of July, 1916. At this time he had a quarrel with his wife and one of their daughters. The wife and daughters first left the place and then Robert Walton also left. He has not been back since that time.

Mary Walton, his wife, and one of their children testified that they had performed services in planting and growing the crop and that Robert Walton had promised

them a part of the crop for their services. After these parties left, Rand hired hands to work out the crop and gather it. There was a surplus left after paying these expenses. It was the contention of Rand that Walton and his wife forfeited all interest in the crop by voluntarily abandoning it. On the other hand, it is the contention of Mary Walton that the crop became so advanced by the labor of her husband and herself that their labor had been a material value to the landlord and that they did not forfeit their share of the crop.

The court found in favor of Mary Walton and the case is here on appeal.

This court has decided that when a land owner agrees to furnish a laborer with land, teams, implements, etc., and the laborer agrees to cultivate the land for one-half of the crop, this establishes the method whereby the laborer is to be paid—that his wages are to be paid in part of the crop instead of money. *Gardenhire* v. *Smith,* 39 Ark. 280; *Hammock* v. *Creekmore,* 48 Ark. 266, and *Bourland* v. *McKnight,* 79 Ark. 427.

In 8 R. C. L., page 377, Sec. 24, it is said that the general rule is that a share-cropper forfeits all interest in the crop by voluntarily abandoning it without reasonable cause, but that a different rule would apply if the abandonment was due to some just cause. This rule is based on the fact that the contract is an entire contract and if the laborer has performed a part of it, and without legal excuse and against the consent of the land owner, has refused to perform the remaining part, he cannot recover anything for the part performed. On the other hand, it is contended by counsel for appellee that where the laborer has finished or nearly finished the work of growing the crop that he does not forfeit all his share of the crop, but he only submits to such deduction from his share as would compensate the landlord for the injury inflicted by the breach.

We need not consider which of these contentions is correct, for we have a statute governing cases of this kind. Section 5027 of Kirby's Digest provides that if

any employer shall, without good cause, dismiss a laborer prior to the expiration of his contract, he shall be liable to such laborer for the full amount that would have been due him at the expiration of the contract.

Section 5028 provides that the laborer shall forfeit his wages if he abandons his employer without good cause. It reads as follows:

"If any laborer shall, without good cause, abandon his employer before the expiration of his contract, he shall be liable to such employer to the full amount of any account that he may owe him, and shall forfeit to his employer all wages or share of crop due him, or which might become due him from his employer."

Robert Walton voluntarily abandoned his crop without any just cause or excuse therefor. Therefore he would not have been entitled to recover had he been a party to the suit.

Mary Walton and one of her children testified that Robert Walton, her husband, agreed to give them an interest in the crop if they would help him work it. They said that they did so and only left the crop in July when the quarrel came up. They voluntarily left the place before the expiration of the contract. So under the provisions of the statute, Mary Walton would not be entitled to a laborer's lien as claimed by her. If it be conceded that she was entitled to a laborer's lien by virtue of her contract with her husband, it will be readily seen that she forfeited all her rights by voluntarily leaving the place before the crop was completed without any just cause therefor and thereby forfeited all wages which might become due her.

It follows that the decree must be reversed and the cause will be remanded with directions to render a decree in accordance with the opinion.