## DOUGLAS *v.* LAMB.

Opinion delivered January 29, 1923.

1. LANDLORD AND TENANT—SHARE-CROPPER.—One who cultivates land for a specified portion of the crop, the landlord furnishing the land, teams and tools, is not a tenant but a laborer.

2. FORCIBLE ENTRY AND DETAINER—POSSESSION OF PLAINTIFFS.—Evidence tending to establish that plaintiffs were in possession of land through a share-cropper *held* sufficient to sustain a finding that plaintiffs were in possession of the land when the share-cropper was dispossessed by defendant.

3. FORCIBLE ENTRY AND DETAINER—EVIDENCE OF POSSESSION BY FORCE.—In an action to recover possession of land upon the ground that defendant had turned out plaintiff's share-cropper "by force, fighting, by threats and other circumstances," evidence that defendant, a white woman, came to the house on the land occupied by such share-cropper, who was a negro, and told him to get his things out of the house, that she was going to take possession, and did not want him to give her any trouble, and proceeded to put his household goods out of the house, and he moved away because he was afraid to stay there, *held* to sustain an action of forcible entry and detainer.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; affirmed.

*T. E. Allyn,* for appellant.

Plaintiffs had no right to maintain the suit. Where a tenant is unlawfully evicted by a third party, the tenant and not the landlord can maintain the action of forcible entry and detainer. R. C. L., p. 1148; 42 Wash. 560;

62 Ark. 588; 25 W. Va. 404. The evidence does not support a finding that there was any force used or any evidence of a threat. 13 Ark. 488; 41 Ark. 535; 38 Ark. 257; 4 Ark. 147; 105 Ark. 630. A verdict cannot be based on surmise or conjecture. 114 Ark. 112. Under the evidence the relation of landlord and tenant was created, and instruction No. 1 was therefore incorrect. 70 Ark. 79; 54 Ark. 346; 34 Am. Dec. 388; 37 Am. Dec. 309; 46 Ark. 254; 108 Ark. 36. The relation of landlord and tenant exists where one agrees to furnish another with a house, land, tools, and to accept one-half the crop in payment. 76 Miss. 487. One having title and right may get possession peaceably and defend by force, if necessary, and will not be guilty of forcible entry and detainer. 69 Ark. 34; 105 Ark. 630.

*Davis, Costen & Harrison,* for appellee.

George Smith was a laborer under the following decisions. 39 Ark. 280; 48 Ark. 264; 130 Ark. 431. At the time this action was brought plaintiffs had exclusive possession of the property. 11 R. C. L. 1146, § 12. No greater force to obtain possession from Smith was necessary than is shown under the circumstances here. 11 R. C. L. 1160, § 33.

WOOD, J. This is an action by the appellees against the appellant to recover possession of a certain tract of land in Mississippi County. The appellees, among other things, alleged in their complaint that they were the owners and entitled to the possession of the lands, and that the lands were in possession of a negro tenant, and that appellant "turned said tenant out by force, fighting, by threats and other circumstances;" that she thus obtained possession and holds the same, without right or claim of title to the lands. They alleged and prayed for damages in the sum of $1,000 and for rents in the sum of $2,000.

The appellant answered denying all material allegations of the complaint, and alleged that she was in lawful possession of the property, and had made valuable

improvements on the same, and claimed she was the owner thereof. After the conclusion of the testimony the court instructed the jury, and there was a verdict in favor of the appellee for possession of the lands, but without damages. The court rendered a judgment, based on the verdict, in favor of the appellees against the appellant for possession of the lands and for their costs, from which is this appeal.

1. The appellant contends, first, that the appellees are not the real parties in interest and therefore cannot maintain this action. Under this head the appellant contends that there was no testimony tending to prove that the appellees, at the time the appellant took possession of the property, were in possession thereof; that the undisputed testimony proved that the party through which appellees claimed to have possession was their tenant, and that such tenant alone, and not the landlord, can maintain the action. Citing *King* v. *Duncan*, 62 Ark. 588, and other cases.

There was testimony on behalf of the appellees tending to prove that at the time the appellant took possession of the land in controversy the same was occupied by one George Smith, a negro. While one of the witnesses for the appellee states that the plaintiffs were in possession through their tenant, the witness further testified as to the nature of the contract with Smith as follows: "He had a contract with plaintiffs to farm practically all of the land in 1920." This witness further testified: "The plaintiffs had charge of the possession of the property—had it in charge the year before—and the only trade that was made was made with George Smith." The testimony tended to prove that the arrangement made by appellees through their agent with George Smith was that the latter should cultivate the land as a share-cropper. Smith himself testified that he had possession of the land that year, and was making a share-crop. Another witness stated that the lands were rented partly to Goforth and partly to George

Smith, a share-cropper. One of the witnesses, explaining the contract which he made on behalf of the appellees, stated, "I was to furnish the mules, team, seed, mule feed and provisions, and he was to get one-half of the crop, and I was to get one-half." At the time appellant entered into possession of the land in controversy he (Smith) was the only man on the place.

The above testimony was at least sufficient to justify the court in submitting to the jury the issue as to whether George Smith held the land as a tenant, or a mere laborer, or share-cropper. The testimony was sufficient to justify the court in refusing appellant's prayer for instruction No. 8 for a directed verdict in her favor, and to warrant the court in giving appellees' prayer for instruction No. 1 as follows: "One who cultivates lands under a contract by which the landlord furnishes land, teams and tools to make crop, and he works the land, and makes the crop for a specified portion thereof, is not a tenant, but a laborer." See *Gardenhire* v. *Smith,* 39 Ark. 280; *Hammond* v. *Creekmore,* 48 Ark. 264; *Rand* v. *Walton,* 130 Ark. 431; 11 R. C. L. 1146, sec. 12. The testimony was sufficient to warrant a finding that the appellees were in possession of the land in controversy through George Smith; that Smith was not technically a tenant of the appellees, but only a share-cropper, or laborer.

2. Appellant next contends that there was no testimony tending to prove that the appellant took possession of the land in controversy by force. The appellees brought this action under § 4837 of Crawford & Moses' Digest, and under that section force is the gist of the action. *Miller* v. *Plumber,* 105 Ark. 630, and cases there cited. Actual physical violence upon the person in possession by the one who takes possession is not a prerequisite to the maintenance of the action, but "if the demonstration of force is such as to create a reasonable apprehension that the party in possession must yield to avoid a breach of the peace, it is sufficient. It is not necessary that the party be actually put in fear.

There need only be such a number of persons or show of force as is calculated to deter the person in possession from undertaking to send them away or to retain his possession." 11 R. C. L., § 23, pp. 1160-1161. To determine whether or not force was used, the personnel and situation of the parties and the circumstances surrounding them at the time must all be taken into consideration. The testimony showed that George Smith, the share-cropper or laborer, was a negro. The appellant was a white, woman. She loaded her household goods in a wagon, and, in company with a white man, drove over to the house occupied by Smith. She told Smith to get his things out of the house; that she was going to take possession of the place. Smith went up to the store on the place to consult with "Mr. Bob" about it. He didn't see Mr. Bob, but asked Mr. Mike about it, who told him to go back down there until Mr. Bob came. When Smith went back, he found that the appellant had moved in, and she told Smith that she didn't want him to give her any trouble. Smith moved away because he was afraid to stay there. His household goods had been moved out in the back yard, and the appellant's goods were in the house when he got back from the store.

This testimony was sufficient to warrant the court in submitting the issue to the jury as to whether or not appellant used force necessary to sustain the action under § 4837, C. & M. Digest, *supra*. The court submitted the issue to the jury under proper instructions.

3. Appellant next contends that the court erred in refusing to grant certain of its prayers for instructions which we deem it unnecessary to set forth and discuss in detail. Such of these prayers as were correct were fully covered by instructions which the court gave. We have examined them and find no error in any of the court's rulings.

The judgment is in all things correct, and it is therefore affirmed.