DELIA SMITH, Plaintiff, *v.* JAY C. LICHTERMAN, Defendant.

Supreme Court, New York County, April 30, 1929.

*N. Finkelstein*, for the plaintiff.

*M. R. Kroopp*, for the defendant.

COTILLO, J. This is an action to recover for damages by reason of certain alleged defamatory language used by the defendant concerning the plaintiff. The alleged libelous matter was contained in a verified petition made by the defendant in a summary proceeding commenced in a Municipal Court. The proceeding has not been disposed of and still remains at issue in the Municipal Court. The alleged libel is privileged as it is made in a pleading in a pending

action. (*Campbell* v. *N. Y. Evening Post*, 245 N. Y. 320; *Moore* v. *Manufacturers' National Bank of Troy*, 123 id. 420.) The court, in writing its opinion in the *Moore* case, held as follows: " There is another class of privileged communications where the privilege is absolute. They are defined in *Hastings* v. *Lusk* (22 Wend. 410). In this class are included slanderous statements made by *parties*, counsel or witnesses in the course of judicial proceedings, and also libelous charges in pleadings, affidavits or other papers used in the course of the prosecution or defense of an action. In questions falling within the absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or at least it does not protect slanderous publications plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant (*Ring* v. *Wheeler*, 7 Cow. 725; *Hastings* v. *Lusk*, 22 Wend. 410; *Gilbert* v. *People*, 1 Den. 41, GROVER, J.; *Marsh* v. *Ellsworth*, 50 N. Y. 309; *Rice* v. *Coolidge*, 121 Mass. 393; *McLaughlin* v. *Cowley*, 127 id. 316.) * * *."

As to the relevancy or pertinency of the matter alleged in the petition filed in the Municipal Court, it is plain from reading the statement therein that all matters contained were pertinent to the issue, as the action was brought to remove a tenant as being an undesirable in the premises. However, it may be well to insert, at this time, the following quotation from *Chapman* v. *Dick* (197 App. Div. 551, 559): " I think that under the above authorities the rule relating to absolute privilege is sufficiently broad to extend to all matter otherwise libelous alleged or introduced in an action which, although ineffectual as a defense, may by any possibility, under any circumstances, and at some stage of the proceeding be or become material or pertinent. Tested in this way, could the matter complained of in the case at bar by any possibility be relevant under any circumstances at some stage of the proceedings in the action? "

The petition in a summary proceeding in view of sections 4 and 8 of the Civil Practice Act is a pleading in an action. (*Giroux* v. *McCrea*, 204 App. Div. 192.) Motion to dismiss granted.