WALL *v.* ROBLING.

4-7476 183 S. W. 2d 605

Opinion delivered November 27, 1944.

*William G. Bouic,* for appellant.

*Jay M. Rowland* and *Leo P. McLaughlin,* for appellee.

ROBINS, J. Appellee, Kate Demby Robling, instituted in the lower court forcible entry and detainer proceedings against appellant, Mrs. R. Wall, to obtain possession of a three-acre tract in the suburbs of Hot Springs, Arkansas. A jury being waived, the lower court, after hearing testimony offered by both parties, rendered judgment in favor of appellee for possession of the land in controversy. To reverse that judgment this appeal is prosecuted.

On appeal from the findings of the court in a case of this kind we must give to the evidence adduced on behalf of the prevailing party the strongest probative force that it will reasonably bear. *St. Louis Southwestern Railway Co.* v. *Morgan,* 144 Ark. 641, 215 S. W. 589; *Holt*

v. *Brackville,* 158 Ark. 642, 250 S. W. 33; *Prairie County* v. *Harris,* 173 Ark. 1182, 295 S. W. 725. When viewed in the light of this rule it may be said that the evidence in this case established that this unimproved tract had been at one time owned by appellee's father, Mike Newman, who conveyed it to Paul Battazzi in 1904; that shortly afterwards Battazzi turned the land over to Newman, directing him to use it and pay taxes on it; that Newman died in 1926, after having been in possession of the land continuously up to his death; that after his death appellee took possession and remained continuously in possession until appellant took possession in 1943; that Mike Newman, appellee's father, paid taxes on the property from the time Battazzi turned it over to him, up and until Newman's death, with the possible exception of one year; that appellee continued thereafter to pay the taxes thereon up until 1932, and tried each year after 1932 to pay them, but found that they had been paid by some other person; that appellee had the land enclosed with a fence and had rented it to Earl Warford; that appellant cut appellee's fence, let appellant's cattle into the enclosure and warned appellee's tenant against turning her (appellant's) cattle out.

Appellant claimed the right to occupy the property under a lease thereof executed to her as lessee by Albert Diodati on March 1, 1943. Diodati assumed to act as agent for Paul Battazzi by virtue of the following written instrument said to have been signed by Paul Battazzi, dated at New Orleans June 14, 1912: "Before me, Paul Battazzi, I agree to let Mr. Albert Diodati to be my agent. I give him power to collect rents in every house under my name and *suit* and be *suit.* Also repair the houses in case *whomere* necessary." There was no testimony introduced to show the whereabouts of Battazzi, but there was a statement by one witness, based on hearsay, to the effect that he was dead.

In forcible entry and detainer proceedings no question of the title to the land is involved. It is simply a statutory remedy to restore the possession of one who is forcibly disseized, and it is no defense to such an action

that the defendant charged with the forcible entry is actually entitled to possession. *Littell* v. *Grady*, 38 Ark. 584; *Logan* v. *Lee*, 53 Ark. 94, 13 S. W. 422; *Douglass* v. *Lamb*, 157 Ark. 11, 247 S. W. 77; *Black* v. *Handley*, 158 Ark. 640, 240 S. W. 411.

There was substantial evidence tending to prove that appellee was in peaceful possession of the property and that appellant forcibly took possession thereof. Therefore the lower court properly ordered that possession be restored to appellee; and it was not necessary for the lower court, nor is it necessary for us on this appeal, to determine whether the alleged power of attorney was sufficient to grant authority to Diodati to execute the lease relied on by appellant.

Affirmed.