**FAMOUS REALTY, Inc. v. FLOTA MERCANTE GRANCOLOMBIANA, S. A.**

**Civ. No. 9481.**

United States District Court
E. D. New York.

Dec. 1, 1948.

554

Joseph S. Wohl, of Brooklyn, N. Y., for plaintiff-landlord.

Burlingham, Veeder, Clark & Hupper, of New York City, (Eugene Underwood, of New York City, of counsel) for defendant-tenant.

GALSTON, District Judge.

The motion is to remand this action to the Municipal Court of the City of New York, Borough of Brooklyn, First District.

The action or proceeding, it matters not, as will presently develop, which term is used, was begun in the Municipal Court by the service on the defendant on November 5, 1948 of a precept or summons and accompanying petition. Defendant's petition for removal was filed in this court on November 9, 1948 and is therefore timely.

From the petition for removal it appears that the action is of a civil nature, that the amount in dispute is in excess of $3,000, that the plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New York and a citizen of the State, and that the defendant is a corporation organized and existing under and by virtue of the laws of the Republic of Colombia and is not a citizen or resident of the State of New York. The removal was pursuant to the provisions of the recently enacted Judicial Code, which became effective September 1, 1948, Title 28 U.S. C.A. § 1441 et seq.

Section 1441, subdivision (a), provides that except as otherwise enacted by Congress, "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant * * * to the district court * * * for the district * * * embracing the place where such action is pending."

Sec. 1446 describes the procedure for removal; subdivision (a) states that a defendant desiring to remove shall file in the District Court a verified petition containing "a short and plain statement of the facts which entitled him * * * to removal, together with a copy of all process, pleadings * * * served upon him or them in such action." Subdivision (b) of the same section requires a petition for removal to be filed within twenty days after the commencement of the action.

First as to the nature of the action: the landlord's precept and petition show that the nature of the action is one in which the plaintiff is designated as the landlord, the defendant as the tenant; that the premises consist of a marginal wharf and certain structures lying between Adams Street Slip and Jay Street Slip, Brooklyn, New York, and the relief sought is possession of the premises by the landlord and payment of two months' rent plus additional rental of $26,422.73, which sums it is alleged were due under the terms of an agreement entered into between the parties on December 5, 1947.

Thus it appears that the nature of the landlord's claim is one for possession of the premises, and judgment for rent alleged to be due. Applying the test of the

removal statute, it would appear that the action certainly is of a civil nature and one in which a District Court of the United States would have original jurisdiction.

 It is idle to argue, as the plaintiff does, that because of the summary nature of the relief sought the proceeding is not an action. Rule 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "There shall be one form of action to be known as 'civil action'." Article 1, Sec. 4, of the Civil Practice Act of the State of New York also defines "action" as of two kinds, civil and criminal and "when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right * * *". Sec. 8 of the New York State Civil Practice Act is exactly the same as Rule 2 of the Federal Rules of Civil Procedure. It abolishes a distinction between actions at law and suits in equity. The petition in a summary proceeding is a pleading in an action within the meanings of Secs. 4 and 8 of the Civil Practice Act; see Smith v. Lichterman, 134 Misc. 150, 234 N.Y.S. 676.

In the Federal Court a very clear case which sustains the right of the defendant to remove a summary proceeding pending in a State Court is Gallatin v. Sherman, C.C., 77 F. 337, brought by a landlord to recover from a lessee possession of the premises. See also Commissioners of Road Imp. District No. 2 v. St. Louis Southwestern Ry., 257 U.S. 547, at page 561, 42 S.Ct. 250, at page 255, 66 L.Ed. 364, in which Chief Justice Taft wrote: "The next objection is that the road district commissioners could not file their assessment book in the federal court, assuming the necessary diverse citizenship against any lot or lot owner, and so that the inquiry cannot be removed, because, under section 28 of the Judicial Code, removal is limited to cases within the original jurisdiction of the District Court under section 24. This limitation is not intended to exclude from the right of removal defendants in cases in the state court which, because of their peculiar form would be awkward as an original suit in a federal court * * *".

It is unnecessary to cite further authority to sustain the removal in this action. Under the statute the right of removal is absolute.

The motion to remand is denied. Settle order on notice.