I. Simon Company, Inc., Landlord, Respondent, *v.* Jack S. Dwake, Tenant, Appellant, and Samuel Gindi et al., Undertenants, Appellants.

Supreme Court, Appellate Term, First Department, March 23, 1950.

*Marvin L. Lothstein* for appellants.

*Murray Simon* for respondent.

*Per Curiam.* The provision of the lease by which the owner gave permission to the lessee, landlord here, to make any structural alteration or addition now or at any future time on condition that the lessee obtain written consent of the mortgagee and furnish a surety company completion bond to the owner, was made for the benefit of the owner, the mortgagee and the lessee. The owner and mortgagee could waive or insist on performance. They alone had that right. The provision was not made for the benefit of lessee's subtenants. They could not enforce performance. As to them performance or waiver was not more than a requirement of proof at the trial. The proof given warranted the decision for the landlord.

The final order should be affirmed, with $25 costs.

EDER, J. (dissenting). Tenant and undertenants appeal from a final order awarding possession of the premises in question to the landlord.

Subdivision (c) of section 8 of chapter 314 of the Laws of 1945, as amended by section 1 of chapter 535 of the Laws of 1949, authorizes a landlord to recover possession of business space where " The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the building or other rental area with the intention of constructing a new building, and the plans for such construction have been approved by the proper authorities, if such approval is required by law."

It is under this provision that the landlord instituted this proceeding.

The landlord herein is lessee of the entire premises under a long-term lease. Under the terms of the lease the landlord herein is given permission to make any structural alteration or addition in or to the building or buildings at any time " provided the tenant obtains the written consent of the mortgagee of the premises and upon condition that the Tenant procures and delivers to the Landlord a surety company bond or cash deposit as a condition precedent thereto."

The petition herein is dated and verified September 2, 1949, and the proceeding was begun by the issuance and service of of a precept and petition on that day. However, at that time the consent of the mortgagee and owner to the demolition of the building and the erection of a new building had not been obtained by the lessee-landlord herein, nor had the bond been furnished or cash deposit made. The owner's consent was obtained on September 14, 1949, and the mortgagee's consent was obtained

on September 15, 1949. The performance bond is dated September 14, 1949.

The answer of the tenant and undertenants alleged, as a separate defense, the aforesaid requirement of the landlord to obtain said consents and to furnish said bond or cash deposit, and that at the time of the institution of this proceeding that the consents had not been procured or the bond furnished or the cash deposit made, and that, therefore, this proceeding was prematurely brought, and prayed for the dismissal of the petition.

Landlord contends that the right to institute the proceeding does not depend upon the procurement of consents and that they are not a prerequisite as a matter of law and as a condition precedent thereof, but that the right to bring the proceeding accrues upon approval of the plans for construction of a new building.

I am not in accord with this view.

The statute quoted above merely permits the landlord to institute a proceeding to recover possession, where he seeks in good faith to demolish the existing building with the intention to erect a new one. However, before the landlord may commence such a proceeding even after approval of the plans, he must possess the right to sue to recover possession; the right to entry or possession must exist in the suitor at the time the proceeding is initiated and this is a condition precedent; the status to sue must then exist (cf. *Eells* v. *Morse,* 208 N. Y. 103; *Cannon* v. *Gordon,* 181 Misc. 950).

The status of a summary proceeding to recover possession of real property is that of an action at law (*Giroux* v. *McCrea,* 204 App. Div. 192) and the petition in a summary proceeding is a pleading in an action (*Giroux* v. *McCrea, supra; Smith* v. *Lichterman,* 134 Misc. 150); and in '' an action at law the right to judgment depends on the facts as they stood when it was commenced, instead of, according to the rule in equity, as they stood at the date of trial '' (*Fults* v. *Munro,* 202 N. Y. 34, 40); and if on the facts stated in the complaint no cause of action exists against the defendant, and no relief can be granted against him on those facts, facts occurring after suit brought cannot, either by amendment or by supplemental complaint, be made a part of plaintiff's case, nor will they enable him to maintain the action which he has instituted (*Muller* v. *Earle,* 5 Jones & Sp. 388).

In *Berford* v. *New York Iron Mine* (25 Jones & Sp. 404, 407) the General Term said: '' Neither by amendment of the original complaint nor by supplemental complaint can facts which

occurred after suit brought, be made a part of plaintiff's case so as to turn what is no cause of action at all, into a good cause of action. * * * The cause of action now sought to be maintained by means of a change of the original complaint * * * arose * * * after the commencement of the action.''

The well-established rules with respect to the subject here under consideration are set forth in Corpus Juris (1 C. J., Actions, §§ 392, 393) as follows:

'' [§ 392] * * * *Time from Which Rights Are Determined.* * * *. The rule is well settled, at least with regard to actions at law * * * that the rights of the parties to an action must be determined according to the facts existing at the time the action was commenced. Plaintiff must therefore recover, if at all, according to the status of his rights at the time of the commencement of the action * * *.

'' [§ 393] * * * *Causes and Rights Accruing after Commencement.* It follows from the rule above stated, that unless plaintiff has a valid and subsisting cause of action at the time his action is commenced, the defect cannot be remedied by the acquisition or accrual of one while the action is pending, and an amendment setting up such after-acquired cause of action is not permissible.''

That is the situation here. Consent to landlord's right to demolish the building and to construct a new one only came into existence after the proceeding was instituted. Landlord cannot create its right of action after suit brought; the question is whether when it commenced it, had it a cause or right of action; and if it did not, it must fail. It is to be noted that in the instant case there was even no motion made to amend the petition, though, as shown, such an amendment would not be permissible and could not create a right of action where none existed when suit was commenced.

It is undisputed that at the time this proceeding was begun said consents had not been obtained and that the bond had not been furnished or the cash deposit made. It is my view, therefore, that this defense is a substantial and meritorious one and that the petition and proceeding should have been dismissed.

It is to be observed that no case is cited to support the landlord's contention nor the premise that the production of consents at the time of trial was sufficient to sustain the institution of the proceeding, and independent research fails to disclose authority in support thereof, and so far as the adjudications

which bear upon this question reveal, they sustain the premise that the proceeding cannot be maintained.

The final order should be reversed and the petition and proceeding dismissed.

HAMMER and HECHT, JJ., concur in *Per Curiam* memorandum; EDER, J., dissents in opinion.

Final order affirmed, etc.