TURNER v. ARROWHEAD LAND CO.

5-2890                                    364 S. W. 2d 148

Opinion delivered January 28, 1963.

*Alonzo D. Camp,* for appellant.

*Wood, Chestnutt & Smith,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit for damages arising out of alleged fraud and misrepresentation by a vendor to his vendees as to the location of the boundary lines of a building lot.

Appellants, A. Britt Turner and Lucille Turner, his wife, purchased Lot 10, Block 1, Unit 3 of Arrowhead Lake Estates, on Lake Hamilton in Garland County, from appellee, Arrowhead Land Company, Inc., in 1958, and thereafter during 1959 and 1960 built a house on the lot. After the house was built, appellants discovered that the house was situated partly on Lot 9, the adjacent lot to the west. Appellants then purchased Lot 9, which was owned by a third party, for the sum of $1,400.00. Appellants thereupon sued appellee in the Garland County Circuit Court, alleging that appellee, previous to their purchase, had misrepresented the property to appellants, by showing appellants the correct corner of Lot 10 on the road and the corner of Lot 9 on the lake, instead of all the true corners of Lot 10, so that appellants thought the lot boundaries ran at an approximate 45-degree angle from the lake to the road. As part of their damages, they further alleged that they were required to pay to the owner of Lot 8 the sum of $50.00 for damage to his lot done by the former owner of Lot 9. By agreement of the parties the cause was tried before the court. The court, sitting as a jury, found that appellants had failed to prove by a preponderance of the evidence that appellee, its agents or employees, was guilty of any fraud or misrepresentation as charged in the complaint, and that appellants failed to prove any damages for which judgment could be rendered. Appellants promptly appealed.

For reversal appellants urge that they sustained their burden in proving allegations of fraud and misrepresentation by a preponderance of the evidence. Where the court sits as a jury, this is not the test. It is axiomatic that the findings of fact of a trial court sitting as a jury have the same force and effect as the findings of a jury, and that such findings of fact will not be disturbed on appeal if there is any substantial evidence to support it. *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. 2d

1089; *Peterson* v. *Garland County,* 188 Ark. 1167, 65 S. W. 2d 18; *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 322. It is stated further, in *Wall* v. *Robling,* 207 Ark. 987, 183 S. W. 2d 605, that:

"On appeal from the findings of the court in a case of this kind we must give to the evidence adduced on behalf of the prevailing party the strongest probative force that it will reasonably bear. *St. Louis Southwestern Railway Co.* v. *Morgan,* 144 Ark. 641, 215 S. W. 589; [and other cases cited]."

Appellants and their witnesses testified that appellee's salesman showed them the correct corner of Lot 10 on the road and erronously showed them the corners of Lot 9 on the lake as being the corners of Lot 10, which would make the lot boundaries run approximately at a 45-degree angle from the lake to the road. Appellants testified that they saw a plat of the property, and one of appellants' witnesses stated that the salesman had a copy of the plat with him when they were shown the property and that "when we went around the four corners he showed us the four corners on the plat". Appellants testimony further showed that there were iron pipes and wooden stakes at the four corners of each lot, that the corners on the road were marked with the lot numbers, but that the stakes at the lake front had no markings.

Appellee's witnesses testified that the subdivision was laid out by a licensed surveyor, that all lot corners were marked with wooden stakes and iron pipes, that the front corners (on the road) had white stakes with red numbers designating the lot, block and unit number, and that on the corners on the lake the wooden stakes bore the same markings with blue keel crayon. The surveyor further testified that the brush was cut along lot lines in order to make the survey, some three months prior to appellants' purchase.

Appellee's salesman testified that he showed appellants the correct lot corners, that they walked out the corners and lot lines of Lot 10. and that he had a plat

with him at the time. Appellee's manager testified also about the marking and staking of the lots, and further testified that he had instructed all salesmen to "show the true lines and always take the plat with them and acquaint the people with the lot they are getting . . ."; that they had had no difficulty with any other lot in Arrowhead, and that pointing out the wrong lot line would be no advantage but simply cause trouble.

Giving the evidence adduced on behalf of appellee the strongest probative force that it will reasonably bear, as we must, we find that there is substantial evidence to support the finding of the trial court.

Appellants' second point urged for reversal is that by a preponderance of the evidence appellants' damages were clearly proven. Although consideration of this point is not necessary for determination of this case, we note from the record that appellants clearly proved their expenditures. However, there is a total failure of proof tending to show that appellants suffered a loss as a result of these expenditures. The record being thus, we cannot disturb the trial court's finding that appellants failed to prove any damages for which judgment could be rendered.

The judgment is therefore affirmed.