The BALF CO., et al.

v.

EXXON CORPORATION.

Civ. No. H–87–878 (PCD).

United States District Court,
D. Connecticut.

March 29, 1988.

Robert B. Shapiro, Cohn & Birnbaum, Hartford, Conn., for plaintiffs.

Robert J. Cathcart, Shipman & Goodwin, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Defendant has moved to dismiss the complaint on the following grounds:

(1) the court is without original subject matter jurisdiction over the claim based on Conn.Gen.Stat. §§ 47a–43 through –46;

(2) a claim for damage to personal property fails to state a claim upon which relief can be granted; and

(3) plaintiff's claim is factually insufficient in that, as a mere agent, plaintiff cannot prove the element of actual possession required in an ac'ion for forcible entry and detainer.

Defendant challenges both the court's subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and the general sufficiency of plaintiff's claim, Fed.R.Civ.P. 12(b)(6). Inasmuch as the court could not consider the sufficiency of the complaint unless jurisdiction is established under Rule 12(b)(1), that aspect of the motion must be considered first. *See, e.g., Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir.1977); *Leaver v. Parker*, 121 F.2d 738, 739 (9th Cir.), *cert. denied*, 314 U.S. 700, 62 S.Ct. 480, 86 L.Ed. 560 (1941); *Holman v. Board of Educ.*, 388 F.Supp. 792, 795 (E.D.Mich.1975).

*Subject Matter Jurisdiction*

■ Defendant argues that the complaint should be dismissed because "a Connecticut Court is the exclusive forum in which to initiate a claim based on [Conn. Gen.Stat.] § 47a–43." [1] Defendant's Memorandum at 2. Defendant argues that Connecticut's Legislature created a proceeding with the intent that the relief be provided solely by state courts using local procedures. Defendant further contends that a forcible entry and detainer proceeding does not constitute a civil action under 28 U.S.C. § 1332. Defendant's Memorandum at 5.

In a diversity action, the district court sits as a state court. *Zucker v. Vogt*, 200 F.Supp. 340, 341 (D.Conn.1961). The district court is obliged to exercise the jurisdiction it is given. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed. 2d 483 (1976). The scope of that jurisdiction is governed by federal law. *Franklin Life Ins. Co. v. Falkingham*, 229 F.2d 300, 302 (7th Cir.1956). State law or rules of practice or procedure can neither enlarge nor diminish federal court jurisdiction. *Lowry & Co. v. National City Bank of New York*, 28 F.2d 895, 896 (2d Cir.1928).

Defendant's suggestion that a summary forcible entry and detainer proceeding does not constitute a civil action within the meaning of 28 U.S.C. § 1332 is unfounded. In § 1332 "civil action" is used in contradistinction to actions which are criminal. *See Milwaukee County v. White Co.*, 296 U.S. 268, 270, 56 S.Ct. 229, 230, 80 L.Ed. 220 (1935). Civil actions are those which do not involve criminal prosecution or punishment and are of a character traditionally recognized by courts of common law or equity. *Id.* at 271, 56 S.Ct. 231. A forcible detainer action is civil in nature in that the action is one for damages. *See, e.g., Brewer v. Fathergill*, 30 Conn.Supp. 607, 318 A.2d 131 (1973) (entry and detainer statute allows jurisdiction of a civil action for treble damages); *see also Famous Realty, Inc. v. Flota Mercante Grancolombiana*, 81

1. Defendant suggests that no cases exist in the Second Circuit in which a district court has exercised jurisdiction over a forcible entry and detainer action. Defendant's Memorandum at 4. The absence of such cases is immaterial to the jurisdiction question.

F.Supp. 553 (E.D.N.Y.1948) (court rejected argument that a summary proceeding to recover possession of premises was not a civil action within the meaning of 28 U.S.C. § 1441(a)).

■ Defendant's arguments in support of its Rule 12(b)(1) motion would lead to the inevitable conclusion that the State of Connecticut has, to the extent of the subject matter and procedure to which Conn.Gen. Stat. § 47a–43 pertains, preempted the United States Constitution, Art. III, § 2, cl. 1, as well as 28 U.S.C. § 1332. The Constitution states that "the judicial Power shall extend ... to Controversies ... between Citizens of different States." Absent constitutional amendment, Congress alone has the power to alter the jurisdiction of the federal judiciary. Section 1332 provides that the district courts will have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $10,000. The state simply cannot carve out of that grant of jurisdiction a preemption for § 47a–43 matters. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Gains v. Fuentes*, 92 U.S. (2 Otto) 10, 23 L.Ed. 524 (1875).

Accordingly, defendant's jurisdictional challenge must necessarily fail.

*Statement of Claim Upon Which Relief Can Be Granted*

■ Defendant avers that plaintiffs' claim must fail because they assert damages to personal property and not a right based on possession of real property. The entry and detainer statute, it is argued, was intended to protect the interests of one who has been dispossessed of real property. According to defendant, § 47a–43(a)(3) was added in 1976 to confirm that damages to personal property suffered in connection with a dispossession of real property are recoverable. Defendant's Memorandum at 7.

A plain reading of Conn.Gen.Stat. § 47a–43 indicates no requirement that there be a dispossession of real property. The statute reads, in pertinent part:

(a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with strong hand detains the same *or* having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand *or* (3) enters into any land, tenement or dwelling unit and causes damage to the premises *or* damage to *or* removal of *or* detention of the *personal property of the possessor* ... the party thus ejected, held out of possession, *or* suffering damage may exhibit his complaint to any judgment of the superior court.

(emphasis added).

The use of the disjunctive term "or" in setting forth the several bases on which a plaintiff may premise an action clearly indicates that recovery for damage to personal property simply does not hinge on the assertion of a claim for repossession of real property. The language of the statute is conclusive where, as here, the language is clear and the legislative history contains no express intent to the contrary. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Rhodes v. City of Hartford*, 201 Conn. 89, 93, 513 A.2d 124 (1986) (when the language of a statute is clear, it is assumed to express legislative intent).

*Factual Sufficiency of Claim*

■ Defendant argues that plaintiffs fail to state a claim upon which relief may be granted because plaintiffs, as mere agents of the State of Connecticut,[2] cannot demonstrate the required indicia of possession

---

**2.** Since the preparation of this ruling, plaintiffs have filed an amended complaint alleging that title to the property had passed to them. In a supplemental memorandum, plaintiffs argue that this allegation is adequate to confer standing to bring an action under Conn.Gen.Stat. § 47a–43. Because defendant has moved to dismiss the amended complaint and has advised

the court of its desire to respond to the supplemental memorandum, the court expresses no view as to the sufficiency of the amendment. However, defendant should note that a challenge to the factual basis of the allegation, as opposed to its legal sufficiency, cannot be made on a motion to dismiss.

required under Conn.Gen.Stat. § 47a–43. In support of this argument, defendant cites *Gray v. Finch*, 23 Conn. 495 (1855). In *Gray*, the court held that a mere agent cannot bring a forcible entry claim because he is not clothed with actual possession and it is only a possessor who may make claim under Conn.Gen.Stat. § 47a–43, even for damage to personal property. Plaintiffs contend that possession is determined by the facts at the time of entry. Plaintiffs' Memorandum at 11. Plaintiffs claim to be more than a mere passive holder of property for another's benefit. *Id.*

Where jurisdiction is based on diversity, this court must decide the merits of any case after a trial if the plaintiff would be entitled to a trial on the merits in state court. *Gay v. Heller*, 252 F.2d 313 (5th Cir.1958). In a diversity case, the federal court acts as a court of the State of Connecticut to determine if the complaint states a claim under state law. *Zucker*, 200 F.Supp. 340. A complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Fine v. City of New York*, 529 F.2d 70, 75 (2d Cir.1975); *George C. Frey Ready–Mix Concrete v. Pine Hill C.M.*, 554 F.2d 551 (2d Cir.1977).

Defendant's motion to dismiss for failure to state a claim upon which relief can be granted would be denied in light of the facts plaintiff pleads in their complaint were it not for the fact that plaintiffs, as agents of the state, are legally incapable of showing actual possession. Plaintiffs have alleged the requisite elements of the cause of action. Without permission, defendant's agents allegedly entered into the property and there caused plaintiffs' equipment to be vandalized. Complaint at Count 1, ¶ 15. Yet, it is only for "damage to ... the

personal property of the possessor" that recovery is authorized. Conn.Gen.Stat. § 47a–43(a)(3). Thus, plaintiff must, as a matter of law, demonstrate possession as a prerequisite to recovery sought in reliance on § 47a–43.

A party suing under Connecticut's forcible entry and detainer statute must prove actual possession. *Communiter Break Co. v. Scinto*, 196 Conn. 390, 393, 493 A.2d 182 (1985); *Carrier v. Carrier*, 85 Conn. 203, 207, 82 A. 187 (1912). Whether plaintiffs were in actual possession at the time of defendant's entry is one for the trier of fact. *Gray*, 23 Conn. at 513–14. Actual possession requires intent and apparent purpose to assert dominion. 35 Am.Jur.2d, Forcible Entry and Detainer, § 14. An invasion of land on which an agent is situated is a wrong to the principal and thus the action of forcible entry and detainer should be brought in the name of the principal, not the agent. *Id.* at 502; *Douglass v. Lamb*, 157 Ark. 11, 247 S.W. 77 (1927); *Schwinn v. Perkins*, 79 N.J. 515, 78 A. 19 (1910).[3]

Plaintiffs admit to acting as the state's agent in being on the real property. It is in so acting that plaintiffs claim possession. Complaint at Count 1, ¶ 9. As mere agents of the State of Connecticut, however, plaintiff were not and could not, legally, exercise dominion over the land or assert dominion over the property in their name and interest. Consequently, notwithstanding the allegation of possession as a matter of law, there is no question as to actual possession. Plaintiffs cannot legally be deemed to have been in actual possession of the real property at the time of defendant's entry. Regardless of the fact that plaintiffs' claim is for damages to personal property on the real property described and that they could exercise dominion over the personalty, the statute authorizes the ac-

---

**3.** Some jurisdictions have held possession by an agent sufficient to authorize an action against one who forcibly dispossesses him. *See, e.g., Central Park Baptist Church v. Patterson*, 9 Misc. 452, 30 N.Y. 248 (Sup.Ct.1894) (agency sufficient to enable individual to maintain forcible entry and detainer proceeding where members

of church placed petitioner in possession and constituted him custodian of building as agent); *Emsley v. Bennett*, 37 Iowa 15 (1875) (possession, whether as owner, tenant, agent or mere trespasser, is irrelevant). Connecticut, however, has not followed any such exception to the general rule.

tion to be brought by the possessor of the real property.

Plaintiffs' action under Conn.Gen.Stat. § 47a–43 must, therefore, be dismissed.

SO ORDERED.